**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHRISTOPHER IANNACONE<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>ALGONQUIN SB CORPORATION,<br>SABAHIJA SINANOVIC, and<br>PETER SINANOVIC.<br><br>　　　　　　Defendants. | Civil Action No.: 6:21-cv-00126 (GLS/ATB)<br><br>**COMPLAINT** |

## NATURE OF ACTION

1.　　Plaintiff Christopher Iannacone ("Plaintiff" or "Mr. Iannacone"), an individual with cerebral palsy, brings this action for declaratory, injunctive, and monetary relief against Algonquin SB Corporation, Sabahija Sinanovic, and Peter Sinanovic (collectively, "Defendants") for discriminating against him on the basis of disability in violation of the federal Fair Housing Act ("FHA") of 1968 as amended, 42 U.S.C. § 3601 *et seq.,* and the New York State Human Rights Law ("NYSHRL"), New York Executive Law § 290 *et seq.* Defendants have refused to make or permit reasonable modifications and accommodations that Mr. Iannacone needs due to his physical disabilities in order to access his apartment and laundry facilities without risking physical injury or otherwise experiencing pain, discomfort, humiliation, or embarrassment.  In so doing, Defendants have deprived Mr. Iannacone of the ability to fully use and enjoy his dwelling and denied him equal access to housing privileges and benefits that other tenants so enjoy.

1

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this matter under 42 U.S.C. § 3613, 28 U.S.C. § 1331, and 28 U.S.C. § 1343(a)(3). This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

3. This Court has authority to grant the requested declaratory and injunctive relief against Defendants under 28 U.S.C. §§ 2201 and 2202 and Rules 57 and 65 of the Federal Rules of Civil Procedure.

4. Venue is proper in the Northern District of New York under 28 U.S.C. § 1391(b) because Defendant Algonquin SB Corporation resides in this district, its apartment building is located in the district, and all relevant events giving rise to the claims in this action occurred in this district.

## PARTIES

5. Plaintiff Christopher Iannacone resides in Apartment 17 at the Algonquin Apartments located at 1343 Genesee Street, Utica, New York 13501 ("Subject Property"). Mr. Iannacone is 35 years old and has cerebral palsy, which substantially limits his ability to walk. Mr. Iannacone is therefore a person with a disability as that term is defined by the FHA, 42 U.S.C. § 3602(h).[1] At all times relevant to this Complaint, Mr. Iannacone relied on crutches or a wheelchair for mobility.

---

[1] The FHA uses the term "handicap" instead of the term "disability." Both terms have the same legal meaning. *See Bragdon v. Abbot,* 524 U.S. 624, 631 (1998). This Complaint uses the term "disability" and its variations, which are more generally accepted.

6.      Defendant Algonquin SB Corporation ("Algonquin") is an active business corporation registered in New York with its principal office located at 2104 Genesee Street, Utica, New York 13502. It is the owner of the Subject Property.

7.      Defendant Sabahija Sinanovic ("Ms. Sinanovic") is the chief executive officer of Defendant Algonquin SB Corporation.  At all times relevant to this Complaint, Defendant Sabahija Sinanovic has overseen the management of the Subject Property.

8.      Defendant Peter Sinanovic ("Mr. Sinanovic") is and has been the property manager of the Subject Property at all times relevant to this Complaint.  Upon information and belief, Mr. Sinanovic also resided at the Subject Property at all times relevant to this Complaint.

9.      In acting or omitting to act as alleged herein, Defendant Algonquin was acting through its employees and/or agents and is liable on the basis of the acts and omissions of its employees and/or agents.

10.     In acting or omitting to act as alleged herein, each employee, officer or agent of Defendant Algonquin was acting in the course and scope of his or her actual or apparent authority pursuant to such agencies, or the alleged acts or omissions of each employee or officer as agent were subsequently ratified and adopted by Defendant Algonquin as principal.

## STATEMENT OF FACTS

11.     The Subject Property is a four-story, 46-unit apartment complex. The main entrance to the Subject Property can be accessed by only climbing concrete steps that lead to the front doors. A vestibule is located immediately inside the front doors.  From the vestibule, the main lobby of the apartment building can be accessed only by climbing more steps.

12. The side and rear entrances to the Subject Property also can be accessed only by climbing one or more steps. Both such entrances lead directly into parking areas that lack any designated walkways.

13. The Subject Property contains a laundry room in the basement of the building with coin-operated machines that all tenants are allowed to use. The elevator that services the Subject Property does not reach the basement. The laundry machines are therefore only accessible via a flight of narrow steps from the first floor of the building.

14. Mr. Iannacone moved into apartment 17 on the first floor of the Subject Property on or about May 3, 2019. That day, he was met at the apartment building by Defendant Peter Sinanovic. Mr. Iannacone was using crutches at the time and had difficulty climbing the stairs at the main entrance to the Subject Property. Upon observing the difficulty Mr. Iannacone was having, Mr. Sinanovic aided him up the steps and assisted him with carrying belongings into the apartment. Mr. Sinanovic also told Mr. Iannacone that he would help him get in and out of the building any time he needed assistance.

15. Approximately two weeks after he moved into the Subject Property, Mr. Iannacone asked Mr. Sinanovic if a ramp could be installed at the building's front entrance. Mr. Sinanovic told Mr. Iannacone that he was looking into providing a ramp but needed more time to do so. Mr. Sinanovic never followed up on Mr. Iannacone's initial request.

16. Thereafter, Mr. Iannacone made repeated requests to Mr. Sinanovic for a ramp to be installed at the Subject Property's front entrance. On several occasions, Mr. Iannacone showed Mr. Sinanovic options for portable ramps that could be readily procured from Amazon.com. Mr. Sinanovic dismissed each of these requests. On at least one occasion, Mr. Sinanovic told Mr.

Iannacone that he had to accept the Subject Property as is or move elsewhere because he knew of the accessibility issues at the time he moved in.

17. After his requests were repeatedly denied by Mr. Sinanovic, Mr. Iannacone contacted Defendant Sabahija Sinanovic to again request that a ramp be installed at the front entrance to the Subject Property as a reasonable modification for his disabilities. Ms. Sinanovic also rejected Mr. Iannacone's request.

18. On August 27, 2020, Legal Services of Central New York, Inc., ("LSCNY") sent a letter to Defendant Algonquin and Defendant Sabahija Sinanovic on Mr. Iannacone's behalf requesting the installation of a ramp at the entrance to the Subject Property. The letter explained that, due to his physical disabilities, Mr. Iannacone needed the ramp to be able to enter and exit the building independently.

19. On or about September 3, 2020, counsel for Defendants informed Legal Services of Central New York that Defendants would procure a cost estimate for installing the ramp requested by Mr. Ianncone. To date, Defendants have not provided any further response LSCNY's August 27, 2020 letter.

20. Upon information and belief, Defendants never procured a cost estimate for ramp installation at the Subject Property.

21. On October 6, 2020, Mr. Iannacone sent a letter of his own to Defendant Algonquin and Defendant Sabahija Sinanovic, requesting both the installation of a ramp at the front entrance of the Subject Property, and an in-unit washer and dryer. Mr. Iannacone explained in his letter that he needed both the ramp and the in-unit laundry machines because he was unable to navigate the stairs at the building's entrance and to the basement laundry room due to his disabilities.

22. To date, Defendants have not responded to Mr. Iannacone's October 6, 2020 letter.

23. As a result of Defendants' rejection of Mr. Iannacone's repeated requests for a ramp, he is unable to leave the Subject Property without assistance or extreme difficulty. Consequently, he has been largely confined to his apartment.

24. Mr. Iannacone has also been forced to wash his clothes in his bathtub because of Defendants' refusal to grant his request for in-unit laundry machines. Due to Mr. Iannacone's physical disabilities, which make bending over difficult, washing his clothes in such a manner causes him extreme discomfort.

25. Defendants' actions and omissions as described above were willful, intentional, and taken in reckless disregard of Mr. Iannacone's rights, physical and emotional health, personal safety, and dignity.

26. Mr. Iannacone has suffered and continues to suffer injury as a result of Defendants' conduct, including but not limited to physical injury, emotional distress, humiliation, and embarrassment.

## CAUSES OF ACTION

### Federal Fair Housing Act

27. Mr. Iannacone realleges and incorporates by reference paragraphs 1-26, as if fully set forth herein.

28. By the conduct described in the foregoing paragraphs, Defendants have:

    a. Discriminated in the terms, conditions, or privileges of the rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of Mr. Iannacone's disability in violation of 42. U.S.C. § 3604(f)(2).

    b. Refused to permit reasonable modifications of existing premises when such modification may be necessary to afford MR. Iannacone, a person with a disability, full enjoyment of the premises, in violation of 42 U.S.C. § 3604(f)(3)(A); and

    c. Refused to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford Mr. Iannacone, a person with a disability, an equal opportunity to use and enjoy a dwelling, in violation of 42 U.S.C. § 3604(f)(3)(B).

<u>New York State Human Rights Law</u>

29. Mr. Iannacone realleges and incorporates by reference paragraphs 1-28 as if fully set forth herein.

30. By the conduct described in the foregoing paragraphs, Defendants have:

    a. Discriminated because of Mr. Iannacone's disability in the terms, conditions, or privileges of the rental or lease of a housing accommodation, in violation of N.Y. Exec. Law § 296(5)(a)(2).

    b. Refused to make reasonable accommodations in rules, policies, practices, or services when such accommodations may be necessary to afford Mr.

    Iannacone, a person with a disability, an equal opportunity to use and enjoy a dwelling, in violation of N.Y. Exec. Law § 296(18)(2)

  c. Refused to make reasonable modifications to common use portions of a dwelling when such modifications may be necessary to afford Mr. Iannacone, a person with a disability, full use and enjoyment of the premises, in violation of N.Y. Exec. Law §§ 296(18)(1) and (18)(2)

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court grant him the following relief:

31. Enter a declaratory judgment finding that Defendants' discriminatory conduct as set forth above violates the Fair Housing Act, 42 U.S.C. § 3601 *et seq.,* and the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq;*

32. Enter an injunction directing Defendants, their directors, officers, employees, and agents to take all affirmative steps necessary to remedy the effects of the illegal, discriminatory conduct described herein and to prevent similar occurrences in the future, including but not limited to granting the reasonable modifications and accommodations requested by Plaintiff;

33. Award compensatory damages to plaintiff for injuries caused by Defendants' discriminatory conduct, including but not limited to emotional distress, humiliation, and embarrassment, pursuant to 42. U.S.C. § 3613(c)(1) and N.Y. Exec. Law § 297(9);

34. Award Plaintiff reasonable attorney's fees and costs pursuant to 42 U.S.C. § 3614(c)(2) and N.Y. Exec. Law § 297(10);

35. Order such other relief as this Court deems just and equitable.

Date: 2/2/2021

                Respectfully submitted:

**/s/ Thomas Morosco**
Thomas Morosco (Bar No. 702351)
Melanie Goldberg (Bar No. 517381)
Samuel Young (Bar No. 508916)
LEGAL SERVICES OF
CENTRAL NEW YORK, INC.,
120 Bleecker Street, 2nd Fl.
Utica, New York, 13501
Phone: (315) 793-7017
Fax: (315) 724-2836
tmorosco@lscny.org
*Attorneys for Plaintiff*

**/s/ M. Casey Weissman-Vermeulen**
M. Casey Weissman-Vermeulen (Bar No. 702110)
CNY FAIR HOUSING, INC.
731 James Street, Suite 200
Syracuse, New York 13203
Phone: (315) 471-0420
Fax: (315) 471-0549
cweissman-vermeulen@cnyfairhousing.org
*Attorney for Plaintiff*